# United States District Court, District of Idaho

U.S. COURTS

AUG 12 2024

Rcvd____ Filed____ Time 3:50pm
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

Nathanael Donald Lewis )
)
    *Plaintiff* )
)
    v. )
)
Antony L. Blinken, *in his official* )
    *capacity as Secretary of State* )
)
Paul Peek, *in his official capacity as Director* )
    *of passport adjudication and in his* )
    *personal capacity as tortfeasor* )
)
Passport Agent/Director and person Scott A. Miller )
    *in his Official capacity as Director* )
    *and in his personal capacity as tortfeasor* )
)
Passport Agent and person Celeste F. )
    *in her official capacity as adjudicator* )
    *and in her personal capacity as tortfeasor* )
)
The United States )
)
    *Defendants* )

Case No: CV 24 0364-N AKB

## COMPLAINT

### Introduction

1. Plaintiff Nathanael Donald Lewis (Hereinafter "Nate" or "I" or "me") applied at least two times for a United States passport for which I am eligible as a matter of fact and law. I am 21 years of age. I provided adequate documentary evidence of my eligibility by nationality and citizenship as one being born in Idaho, United States of America. None-the-less, the adjudicators, as tortfeasors Scott A. Miller and Celest F. demanded of me documentation that does not exist, that is not required by law to exist, that is not required to prove my United States

citizenship, is not required for me to be eligible for a passport. At the same time, the tortfeasors were deliberately indifferent to the judicial act of Idaho that declared the truth of my being born in Idaho. The tortfeasor was acting *ultra vires* (beyond one's legal power or authority) as lawmaker, enforcing their own *ultra vires* law, and judging their own *ultra vires* cause, in violation of the United States Constitution, the laws of the United States, causing injury to me in my rights and intended travels.

## TIMELINESS

2. Limit is 5 years, 5 USC 1503. The last 3 ignored communications to the State Department, sent certified mail and were received, occurred within the past 6 months. We have always tried peacefully, respectfully, and non-judicially to resolve this.

3. The documents provided by me, with my passport applications were sufficient for any reasonably minded person of average intelligence to discern that I am eligible for a United States passport. The tortfeasors abandoned the boundaries and duties of their office, using the passport as a means of coercion and punishment for me not conforming to a non-requirement. The District Court's power to compel the issuance of the passport is the immediate relief that is due, with damages to follow.

## PARTIES

4. I, Nathanael Donald Lewis, am the Plaintiff. My *domicile* of origin is Bonner County, Idaho, United States of America, where I have resided since my birth.

5. The Defendant is, Antony L. Blinken, in his official capacity as the Secretary of State of the United States of America.

6. The Defendant is also Mr. Paul Peek, Director of the Office of Passport Adjudication, in his official capacity. It is also Mr. Paul Peek in his personal or private capacity

whereby his actions and deliberate indifference and refusals to act upon his duties, were in violation of the Constitution and laws of the United States of America and injured the Plaintiff.

7. The Defendant is also Scott A. Miller, in his official capacity where he is subject to injunction; in his private capacity where he is liable for damages for his unlawful conduct that caused injury to me in my natural, fundamental, and civil rights.

8. The Defendant is also "Celeste F." in her official capacity where she is subject to injunction; in her private capacity where she is liable for damages for her unlawful conduct that caused injury to me in my natural, fundamental, and civil rights.

9. The Defendant is also the United States.

## JURISDICTION

10. The district court has original jurisdiction in this case of law and equity, and the laws of the United States, pursuant to the Constitution, Article III, the United States statutes encoded at 5 U.S.C. §552a(g), Privacy Act, 5 U.S.C. §§701-706 Administrative Procedures Act; 8 U.S.C. § 1503, Proceedings for declaration of United States nationality; 42 U.S.C. § 2000bb, *et seq.*, Religious Freedom Restoration Act; 28 U.S.C. §1331, Federal Question, §§ 1346(a)(2) and (b)(1), United States as Defendant; 28 U.S.C. § 1361, Action to compel an officer of the United States to perform his duty; 28 U.S.C. 1651, Writs; 28 U.S.C. § 2201 Declaratory Judgment Act, Creation of remedy; 28 U.S.C. § 2202, Further relief; for writ of mandamus or injunction, declaratory judgment, restitution of costs and fees, damages and further relief by law or equity.

## VENUE

11. Pursuant to Federal Civil Procedure, 8 U.S.C. § 1503, venue is properly in the United States District Court, District of Idaho, where I reside; and 28 USC §§ 1391(b)(2) and (e)(1)(B) where a substantial part of the events giving rise to the claim occurred.

## STATEMENT OF FACTS / ALLEGATIONS / DECLARATION

12.  I applied for an original regular passport at least two times, filing the applications with the passport acceptance agent at the nearby Pend d'Oreille County Courthouse in Newport, Washington. I provided the necessary payment of fees and a current photograph. The application documents are in the custody of the Defendant. Those documents are sufficient to show or prove that I am a natural born citizen of the United States of America.

13.  For proof of identification, I provided my Idaho driver's license (Exhibit 3, Idaho Driver's License). I provided a current photograph, paid the required fees, gave an oath swearing to the truth of the facts on the form that were provided by me. The tortfeasor has made no accusation of my making a false statement.

14.  For proof of citizenship by virtue of my birth on the land, I provided an affidavit by my father, an affidavit by my maternal grandmother, and affidavits from four lifelong friends and neighbors (Exhibit 4, Form DS-10 Birth Affidavit by L. D. Lewis; Exhibit 5, Form DS-10 Birth Affidavit by Helen Christsman; Exhibit 6, Affidavit by Vincent and Janice Aguirre. There are two other affidavits, by our neighbors, Jim and Pam Martin, but aren't here since the bureaucrats did not return them to us). The affidavits, in their original form, were sent to the Defendants. The affidavits were not returned to me after my passport applications were denied. I only have a copy of the DS-10 form to which my grandmother's affidavit was attached (Exhibit 5).

15.  I was born at home, with my father as the only eyewitness that remains alive. My grandmother, Affiant Helen Christsman, saw me shortly after I was born. Affiant Janice Aguirre was with my mother the day that I was born but left within a few hours before my birth. Affiants Vincent and Janice Aguirre saw me in my house where I was born, within a few days of my birth. Likewise with Affiants Jim and Pam Martin. My grandmother missed witnessing my

birth by merely a few hours. (Exhibits 4, 5, 6).

16. My mother had religious objections to my being registered at birth. She also had religious objections to some features of medical care. I was schooled at home by my mother, grandmother, extended family and father. My family's practice of Christian religion does not include infant baptism. I have been healthy enough to not need professional medical care. I have no early childhood medical, vaccination, school or church records. (Exhibit 4, Affidavit of Father, December 16, 2019).

17. The first civil documentation of my birth was in the district court of Bonner County in Northern Idaho. Lori Meulenberg, magistrate judge, made a finding of fact that I was born at home in Nordman, Idaho, and ordered the Idaho Department of Vital Records to issue a delayed birth certificate for me (Exhibits 1 and 2, Finding of Fact and Judgment).

18. The Foreign Affairs Manual, that guides the passport adjudicators, has language explaining that the facts of my birth relate to those of a natural born national and citizen of the United States of America, by the law of blood and the law of the land (Exhibit 8, Foreign Affairs Manual, 8 FAM 301.1, Citizenship Acquisition by Birth in the United States).

### Passport Applications

19. I applied for a United States passport on or about March 1st, 2016. I proffered adequate evidence to fulfill the burden of proof to show that I am a natural born citizen or national of the United States (Exhibit 9, 22 C.FR. § 51.1, Definitions of citizen, national, and United States as it applies to passports; Exhibit 10, 22 C.F.R. §§ 51.40, 51.41, and 51.42, burden of proof, documentary evidence, and persons born in the United States applying for a passport for the first time). The passport was denied because I did not have a birth certificate. In order to get a delayed birth certificate, I had to file an action in the Bonner County, Idaho, District Court.

The court made a finding of fact that I was born in Nordman, Idaho, on May 11, 2003. The court ordered the delayed birth certificate to be issued (Exhibits 1, 2, 14). I filed another passport application, sending the delayed birth certificate and affidavits from witnesses. Scott A. Miller formally denied my application for a passport, Passport Locator Number 273366452. He stated that Affidavits were acceptable according to the regulations when there are not records available that were produced within 5 years of my birth (Exhibit 11, Scott A. Miller letter denying April 2019 passport application). The affidavits that I submitted with the application and responsive correspondence were sufficient (Exhibits 4, 5, 6, 7).

20. Early in April 2021, I applied for a passport again, providing the requisite current photograph, fees and documentation to establish my eligibility of a U.S. passport just as I had done the previous time. The tortfeasor "Celeste F." responded in her letter denying my application (Exhibit 12). Passport Locator Number 685634501.

21. Prior to Celeste F.'s letter July 9, 2021, letter explaining that I did not provide sufficient proof of birth in the United States, I sent a letter that I executed on June 17, 2021, I reiterated the reasons that I could not give the documents that other people can ordinarily give. I included with the letter a copy of our family Bible showing my birth history and a declaration from my father explaining why there are no other records (Exhibit 13).

22. Celeste F.'s July 9, 2021, explained that I needed to provide "any other public documents from state, local or federal agencies that would support your mother's presence in the United States at the time of your birth" (Exhibit 12, p. 1, on Passport Agency letter. July 9, 2021). Celeste F. said, "It is helpful for you to submit as many documents as possible. However, not all these documents are being requested. . ." (Exhibit 12, p. 2, 1st ¶). Celeste F. was merely generating a document that gave a false appearance of legitimate adjudication but

was malevolently ignoring the substance of the substantial proof that I provided to her. Their own document, (Exhibit 12) states, "Examples of such documents include but are not limited to…" They had six affidavits in addition to our Family Bible, among other things. Celeste F. willfully, knowingly, and recklessly ignored the affidavits that I provided, and ignored the law and regulations that prove my birth in Idaho, United States of America. She knew that I could not provide anything more than that which I provided. She knew that it was sufficient to demonstrate that I was born in Idaho. She knew that the consequence of denying my passport would result in detention within the borders of the United States, knowing that I as a natural born citizen with the duty to not leave the United States without a passport.

23. Among the things that I listed earlier, with my passport application correspondence, I sent a copy of my delayed birth certificate (Exhibit 14, Delayed Birth Certificate), my mother's death certificate (Exhibit 15, Certificate of Death, No. 2010-011323, Lee Lewis).

24. I notified Defendants Blinken, Miller and Peek of the facts cited above, and of their duty to direct their delegates to approve my passport applications and to issue my passport. This was done in multiple letters, one of which was sent December 16th, 2019. Later, after nonresponse, two correspondences were sent to the Secretary of State Antony Blinken, informing him of his statutory ability to reopen any application at any time, and asking him to do that. Two such correspondences were sent: The first was dated August 24, 2022, Certified Mail # 7015 1660 0000 8883 2849. The second was a follow-up dated 5 January 2023, Certified Mail # 7015 1660 0000 8883 2856, with both being essentially the same. The cover letter to the 5 January 2023 letter is included here as Exhibit # 17. Both letters to Secretary Blinken had 12 "Enclosures." They are not included here due to being made redundant by many of the 19 Exhibits to this Complaint.

25. A third communication was made after the above detailed two to Secretary of State Blinken, for the sake of judicial economy. It was sent to Attorney General Merrick Garland on June 3rd, 2024, Certified # 7019 2970 0001 9479 6350. The crux of this letter was to plead to the Attorney General to do what he could to avoid a lawsuit. Otherwise, we would have to pursue the passport by Federal Lawsuit. This letter to A. G. Garland was, like the others not replied to in any way to us. And we checked. All 3 were delivered as addressed. Attorney General Merrick Garland's letter is attached as Exhibit 18. Administrative remedy was completely exhausted.

## Judicial Notice

26. I respectfully demand that the court take judicial notice of the stated facts, cited exhibits, fundamental laws, statutory laws and codes, regulations, published policies and procedures, etc., and apply them to the causes of action and demand for relief set forth in the following paragraphs:

## First Cause of Action
## Unconstitutional Acts Injuring Plaintiff

27. A reasonable person of average intelligence can deduce by using the documents provided by me, in all my passport applications, that I was born in Nordman, Idaho, United States of America on May 11, 2003, to my mother Lillian (Lee) Lewis and my father Lawrence Donald Lewis. They can deduce that there are no facts which would make me ineligible for a United States passport. Therefore, the tortfeasor(s) Scott A. Miller and Celeste F. knew or were able deduce those facts. With malice toward the law and toward me, they unlawfully denied my passport applications. Defendants Secretary Blinken, Passport Adjudication Director Paul Peek by themselves or by their delegates, were notified of their duty to issue the passport to me since

there is no question that I am eligible for a United States passport. By my filing the DS-11 passport application, providing the fee, swearing an oath that the information is true, providing the current photograph, and providing documents that exist and are indeed sufficient to prove Plaintiff was born on the land that would make me a natural born citizen, I am eligible for the passport for which I applied.

28. The Tortfeasor who denied the passport to me provided no authority, since none exists, to withhold the issuance of my passport since I provided sufficient proof of my status as a natural born citizen of the United States of America. The Tortfeasor acted deliberately, in hostility to me and my natural and fundamental rights, with malice toward the law. This was done, knowing that no authority exists to warrant Tortfeasor's demand for documents that cannot exist and are not required to exist or add to the evidence I provided. They knew that their unlawful denial of my passport placed me in a perpetual status of *writ ne exeat republica* without warrant of law and due process, in violation of the Constitution of the United States of America, causing injury to my natural, fundamental, and civil rights and privileges. The tortfeasor acted as an *ad hoc* legislature in violation of the Constitution of the United States enumerated powers rather than an adjudicator whose duty is to limit their discretion to the application of the facts to the law, and then act on their ministerial duty to issue the passport. The six affidavits are sufficient proof of the live birth and its location as is commonly understood by the ordinary reasonable person of average intelligence. The Tortfeasor was not merely deliberately indifferent to the sufficiency of the documentation provided by me, they were malfeasant in refusing my demands to produce the authority that would authorize the Tortfeasor's demands. The Tortfeasor had to be acting with malice, knowing the consequences of the injury upon my rights of travel.

29.   The refusal of the Defendants to issue my passport violates the First, Fourth, Fifth, and Ninth Amendments to the United States Constitution. Mr. Peek, Scott A. Miller, and Celeste F. are tortfeasors in their personal/private capacity and are each liable for money damages of at least one thousand dollars. Nominal damages are due as an alternative.

## Second Cause of Action
## 22 C.F.R. § 51.65(b) Is Unconstitutional

30.   I fulfilled the lawful requirements of 22 C.F.R. § 51.65(b) whereby I met the "burden of proof under the applicable regulations" and did otherwise "provide documentation sufficient to establish entitlement to a passport . . . " However, the *caveat* in that paragraph, "or does not provide additional information as requested by the Department . . .", is unconstitutional. It is vague and overly broad. It can have the effect of leading an adjudicator to arbitrarily and deceptively claim that something is required of the passport applicant solely on the grounds that it was "requested by the Department" notwithstanding that the request is not one that is required by law. The direct effect in this case was my unlawful detention within the borders of the United States, injuring my rights of religion, travel, liberty and due process in violation of the First, Fourth, Fifth, and Ninth Amendments to the United States Constitution. It is a perpetual danger to the people of the United States, is continuing to injure my fellow citizens, and I will not have appropriate or complete relief until the Defendants are permanently enjoined from applying the unlawful provision. That portion of the statute needs to be declared unconstitutional and the Defendants should be prohibited from applying it. This is in harmony with the recent Supreme Court decision which overturned the "Chevron Doctrine" which allowed bureaucrats great latitude in vaguely interpreting and applying regulations. Now we proceed with a more "strict construction."

### Third Cause of Action
### Denial of Right or Privilege As National of the United States

31.  I was denied a right and privilege as a national of the United States which I claimed by means of my passport applications and supporting documents that are sufficient proof of my being a natural born citizen and national of the United States of America. United States Code 8 U.S.C. § 1503 provides remedy and relief, the denial of the right or privilege being less than five years ago. Secretary Blinken, Passport Adjudication Director Paul Peek, Tortfeasors Paul Peek, Scott A. Miller and Celeste F., unlawfully, arbitrarily, capriciously, maliciously, contrary to law, regulation, policy and procedure denied and delayed my rights and privileges to a passport. The direct effect was, and is, my unlawful detention within the borders of the United States injuring my rights of religion, travel, liberty and due process in violation of the First, Fourth, Fifth, and Ninth Amendments to the United States Constitution. It is a case and controversy subject to the provisions of Article III of that Constitution.

### RELIEF

32.  Pursuant to 28 U.S.C. §§1361, 2201 and 2202, 42 U.S.C. §2000bb declare the rights of the Plaintiff and provide appropriate relief based on a declaratory judgment or decree. Declare:

   a.  The affidavits from the witnesses supplied by the Plaintiff with his passport application are sufficient to prove Plaintiff's having the rights of a natural born citizen as described as a matter of law in the Foreign Affairs Manual, 8 FAM 301.1, Acquisition by Birth in the United States.

   b.  The right to travel, across the borders of the United States is a natural right of the Plaintiff. As a United States citizen, that right is regulated by the laws of the United States. It is unlawful for a United States citizen to leave or enter the United States without

a passport. 8 U.S.C. § 1185(b) (Travel control of citizens and aliens, (b) Citizens).

c.  The Defendant, Secretary Blinken, in his official capacity has the power to issue United States passports pursuant to 22 U.S.C § 211a.

d.  The statute regarding "eligibility" for a passport only addresses who is not eligible for a United States passport, "No passport shall be granted or issued to or verified for any other persons than those owing allegiance, whether citizens or not, to the United States." 22 U.S.C. § 212. By the documents that the Plaintiff provided with his passport application, the Plaintiff has sufficiently met the burden of proof necessary to show that he is not someone who is ineligible for a United States passport. Therefore, it is evident that the Defendants have a duty to issue the passport for which the Plaintiff applied.

e.  The Defendants have no authority in law to delay or deny a passport until the Plaintiff first applies for something not required by United States or State law. Declare the denial of the Plaintiff's passport unlawful, and *ultra vires*, under the circumstances, and the denial is, or causes, a violation of the Plaintiffs' rights under the First, Fourth, Fifth, and Ninth Amendments to the Constitution of the United States of America, and the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb et seq.

**Compel**

33.  **Immediately** - Pursuant to 28 U.S.C. §1361, or 5 U.S.C. §§ 701-706, or 42 U.S.C. § 2000 bb-1(c), or 28 U.S.C. § 2201 and § 2202, declare the fundamental, statutory, and regulated rights and privileges of the Plaintiff, as they pertain to the facts of the complaint; and immediately compel the Defendant to issue the passport applied for by Plaintiff that was unlawfully denied and unreasonably delayed.

34.  Compel the Defendants to produce the complete record, which shall include copies

of all documents submitted by the Plaintiff, and written hard-copy or electronic correspondence, both inter-agency and intra-agency communications, regarding the consideration of the Plaintiff's passport application.

35. Compel the disclosure of the name, title, office number of the passport adjudicators who had direct involvement in the adjudication and denial of the Plaintiff's passport applications and applications for appeal.

36. Compel Secretary Blinken and his Department to chastise and properly train, Tortfeasors, including Paul Peek, Scott A. Miller and Celeste F. to learn, understand, and apply the law regarding natural, fundament, and statutory rights of the People of the United States in their capacity as nationals or citizens as related to the duty of the government to protect the life, liberty and pursuit of happiness rights as it relates to the purpose and provisions of a United States passport.

37. Compel the Tortfeasors to pay in lawful money as compensation to the Plaintiff, one thousand dollars ($1,000.00) each, or one full day of their wages (or overall pay divided to what would amount to a day's wages so-to-speak) for each day that they were faced with the duty to act on the passport applications of the Plaintiff, including but not limited to the days that they considered or responded to correspondence from the Plaintiff. The amount for the adjudicator should be no less than $200 for each day as the average passport clerk makes $25.00 per hour and works an eight-hour day. The amount for Director Paul Peek or others discovered who partnered with him should be no less than $400 for each day as the top-most leadership in the passport agency makes more than double the average clerk. As an alternative, if those amounts cannot be proven as appropriate damages relief, make each Tortfeasor pay one dollar ($1.00) in lawful money directly to the Plaintiff as damages and compensation relief.

I hereby verify the foregoing complaint, notices, demands, etc., and the accompanying exhibits, swearing them to be true where they are known to me firsthand, and given in good faith to be accurate and true in situations of which I don't have direct knowledge, whereby and swear under the laws of Idaho and the United States, with God as my witness.

_____
Nathanael Donald Lewis

State of Idaho            )
County of Bonner          )

The foregoing instrument was sworn before me this __12th__ day of __August__, 2024, by Nathanael Donald Lewis.

Notary signature _____

Registration Number __20192276__    Expires __10-28-25__

Notary Name: __Jaime Yob__, Notary Public

JAIME YOB
NOTARY PUBLIC - STATE OF IDAHO
COMMISSION NUMBER 20192276
MY COMMISSION EXPIRES 10-28-2025