**United States District Court,
District of Idaho**

U.S. COURTS

AUG 12 2024

Revd____Filed____Time 3:50pm
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

Nathanael Donald Lewis           )
                                 )
    *Plaintiff*                 )
                                 )  Case No:  **Cv 24 0364-NAKB**
    v.                           )
                                 )
Antony L. Blinken, *in his Official* )
    *capacity as Secretary of State, et al.,* )
                                 )
    *Defendants*                )

**Plaintiff's Immediate Emergency Injunction Motion to Compel the Issuance of Passport**

    1.    Pursuant to Article III of the Constitution of the United States of America, and the United States Code, §§ 1651 (Writs) and 1361 (Action to compel an officer of the United States to perform his duty), and in conformance to Local Rule 65(c) (Applications for Preliminary Injunctions), I, Nathanael Donald Lewis, move the district court to **immediately compel** by mandamus or injunction, the Secretary of State Blinken, in his official capacity, to issue the regular passport, application number 29712241 or 685634501, that was unlawfully denied to me. It is appropriate relief for which I pled.

    2.    By the exhibits submitted with my passport applications, I provided information and documentation sufficient for the burden of proof to show that I am now, and was then, eligible for a U.S. passport, 22 C.F.R. §§ 51.40 through 51.42 (Exhibit 10). Those exhibits are attached in support of this motion, for the court's notice to be applied for this motion. The first paragraph of the Foreign Affairs Manual on the subject of U.S. Supreme Court case law has an explanation of the law as it applies to me. It says that the decision in *Murray v. The Charming Betsy* demonstrates the Court's early understanding that all persons born in the United States were U.S. citizens (Exhibit 16, 8 FAM 102.1, Sup. Ct. Decisions):

"Jared Shattuck having been born within the United States, and not being proved to have expatriated himself according to any form prescribed by law, is said to remain a citizen, entitled to the benefit and subject to the disabilities imposed upon American citizens; and, therefore, to come expressly within the description of the act which comprehends American citizens residing elsewhere." *Murray v. The Charming Betsy*, 6 U.S. 64 (1804)

3.  The denial of the passport under these facts and circumstances of my case amounts to an *ultra vires writ ne exeat republica*, seizing and detaining me within the boundary of the United States without authority of office or of law, in violation of the Constitution of the United States, which is the direct cause of daily injury to me in my natural, fundamental and civil rights.

4.  Being a United States citizen, I am prohibited by law from traveling across the borders of the United States without a passport pursuant to 8 U.S.C. § 1185. It is an undue infringement of my fundamental rights, an unlawful seizure, only if the Defendant refuses his duty, under 22 U.S.C. § 211a, to issue the passport for which I applied, and for which I am eligible since I am clearly not limited by the ineligibility cited under 22 U.S.C. § 212.

5.  This motion fulfills the requirements necessary to warrant the immediate injunction:

    a)  The movant shall be successful on the merits. Evidence provided by me, on its face, is sufficient to demonstrate my eligibility for a United States passport as a citizen of the United States of America through acquisition by birth (Exhibits 1 & 2, Finding of Fact and Judgment of Idaho Court; Exhibits 4-7, Affidavits; Exhibit 8, FAM 301.1, Acquisition of U.S. Citizenship by Birth). I provided affidavits to attest to my birth in the United States from my father who witnessed my birth, from my grandmother who was present with me the same day that I was born, and from two witnesses to my being present with my mother shortly after my birth. I provided suitable identification, an Idaho Driver's license (Exhibit 3). My Idaho citizenship by birth was adjudicated in the Idaho District Court, in City in Idaho (Exhibits 1 and 2) and I provided a record of it to the passport adjudicator.

In violation and hostility toward the law of Article IV, Section 1 of the U.S. Constitution, the passport adjudicator refused to render full faith and credit to the judicial proceeding of the State of Idaho. The excuse used by the Defendant to deny my passport is illegitimate. The Defendants are ridiculously excluding the substantive evidence that corroborates my claim as a natural born citizen. The allegations and evidence supplied in my complaint indicate a likely win on the merits.

b)  <u>The plaintiff is likely to suffer irreparable harm without the injunction</u>. I am unlawfully detained within the United States borders, unable to travel with church, family and associates for the purpose of Christian missions or in my pursuit of happiness.

c)  <u>The balance of equities and hardships is in the plaintiff's favor</u>. There is no imaginable prejudice against the Defendants to issue the passport for me. There is no evidence that can be proffered by myself or the government to even suggest that I am not eligible for a United States passport, or that I should be restricted in my travel. A ten-year passport issued immediately is the appropriate relief since the conditions for a temporary passport do not apply. Even if it were possible that I would not prevail on the merits, the passport can be immediately revoked by Secretary Blinken if there were actually some law and circumstance that would warrant it. Issuing the passport prevents further injury.

d)  <u>Injunction is in the public interest</u>. The arbitrary, capricious and unlawful restraint upon me places a substantial burden on my natural rights and religious duties, whereby Mr. Blinken and his passport adjudicators are acting <u>contrary to the purpose</u> for which our American government was instituted according to the Declaration of Independence. The daily effect of the perpetual denial of a passport is the unlawful restraint upon me, within the borders of the United States, with the passport adjudicators,

Mr. Blinken, and his enforcers being the legislature, judiciary and executor imposing upon me a *writ ne exeat republica*, without warrant or the necessary due process of law.

> "The right to travel is a part of the 'liberty' of which the citizen cannot be deprived without due process of law under the Fifth Amendment. . . . Freedom of movement across frontiers in either direction, and inside frontiers as well, was a part of our heritage. Travel abroad, like travel within the country, . . . may be as close to the heart of the individual as the choice of what he eats, or wears, or reads. Freedom of movement is basic in our scheme of values." *Aptheker v. Secretary of State* at 505-506 citing *Kent v. Dulles*, 357 U.S. 116 at 125-126. . . . "The substantiality of the restrictions cannot be doubted. The Denial of a passport, given existing domestic and foreign laws, is a severe restriction upon, and in effect a prohibition against, world-wide foreign travel." *Aptheker* at 507

### Facts Supporting the Motion for Immediate Injunctive Relief

6. I was born on May 11, 2003, at the location of 966 Bourbon Lane, Nordman, Idaho (Exhibits, 1 and 2, District Court order; Exhibits 4-7, Affidavits). My mother and father were natural born citizens, each as one of the People of the United States of America (*see definitions of national, citizen and United States as it applies to passports,* 22 C.F.R. 51.1, Exhibit 3). My father, Lawrence Donald Lewis, of the same residence, has a United States Passport which was renewed by order of the U.S. District Court, District of Columbia, 1:19-cv-02316, on May 25, 2022.

7. There are affidavits from four people who attested to my being born to my mother Lee, a natural born citizen of the United States, who is now deceased, in the house that is my current address and has been since the moment of my birth (Exhibit 15). Those affidavits, Idaho record of my mother's death that notes her birth in New York were supplied to the passport adjudicator (Exhibits 4-7, 15) . There is no evidence in existence that I am not eligible for a United States passport.

8. I supplied an Idaho Department of Vital Records "Delayed Birth Certificate" to the passport adjudicator (Exhibit 14, Idaho Delayed Birth Certificate). Since I was birthed at home,

delivered by my father, and my mother was opposed to registering me at birth, we did not immediately get a Birth Certificate.

9. To get the delayed birth certificate, we had to testify to the Bonner County District Court to establish by judicial edict on May 11, 2003, that I was indeed born in Bonner County, Nordman, Idaho. Bonner County District Court ordered the Idaho Department of Vital Records to issue the Birth Certificate (Exhibits 1, 2, 14). That order was provided to the passport adjudicator.

7. The Defendant conceded that the passport application can be re-opened, and the passport issued, without any new submission of application, fee, photograph or any other thing even several years after it was unlawfully denied to my father (*Carmichael, et al. v. Pompeo*, et al., U.S. Dist. Ct. case no. 1:19-cv-02316, ECF 136, Status Report). There is nothing that I need to do to have the passport issued. Any delay would be frivolous and daily new injury.

8. Therefore, in consideration of this motion, the complaint, and its exhibits, and the District Court's duty to do justice without my being trained to cite or argue this motion as a lawyer would, the court should **immediately compel** the issuance of my passport by order of mandamus or injunction **without the delay of a hearing**. As an alternative, a hearing should be scheduled no later than 21 days after the filing of this motion pursuant to Local Rule 65(d).

9. The Defendants have been duly served notification of my complaint and this motion.

I hereby certify that my motion complies with the Rules of Civil Procedure to the best of my understanding, the statements of fact are true, and they relied upon in my verified complaint.

ss: _____   Date: 8-12-2024
Nathanael Donald Lewis